UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Michael Lee Malone, | ) | |
| | ) | C/A No.: 3:12-cv-01153-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Carolyn Colvin, | ) | |
| Acting Commissioner of Social | ) | |
| Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court upon Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff seeks fees in the amount of $2,395.80, which represents 13.20 hours of attorney's work at the hourly rate of $181.50. The Commissioner contests the awarding of such fees, contending that the government's position was substantially justified. For the reasons stated herein, Plaintiff's motion is hereby GRANTED.

**Background**

Plaintiff applied for Social Security Disability Benefits and Supplemental Security Income Benefits on September 2, 2009, alleging disability as of February 16, 2009. Tr. at 106–16, ECF No. 11-5. His applications were denied

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she should be substituted for Michael J. Astrue as the defendant in this suit. No further action needs to be taken to continue this suit pursuant to the last sentence of Social Security Act § 205(g), 42 U.S.C. § 405(g) (2006).

at all administrative levels and upon reconsideration.  A hearing was held on June 16, 2011, before an Administrative Law Judge ("ALJ") at which the Plaintiff appeared and testified on his behalf.  Tr. 31, ECF No. 11-2.  The ALJ issued a decision denying Plaintiff's claim on November 10, 2011.  Tr. 17–25, ECF No. 11-2.  The Appeals Council affirmed the denial of benefits on March 19, 2012.  Tr. 1–3, ECF No. 11-2.

Plaintiff filed the instant action seeking judicial review of the Commissioner's final decision on May 1, 2012.  ECF No. 1.  The matter was initially referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation, which was issued on May 14, 2013.  ECF No. 23.  Plaintiff filed no objections to the Report and Recommendation, and on May 31, 2013, the Commissioner notified the Court that the government would not file objections to the report.  *See* ECF No. 24.  The Court adopted the Report and Recommendation on June 14, 2013 and remanded the case pursuant to Sentence Four of 42 U.S.C. § 405(g) to the Commissioner for further administrative action.  ECF No. 27.

## Discussion

Under the EAJA, a party who prevails in litigation against the United States is entitled to an award of attorney's fees and costs upon timely petition unless the Court finds that the government's position was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A) (2006).   The Commissioner does not dispute that Plaintiff constitutes a

"prevailing party" in this case. Nonetheless, the Commissioner asserts that the government's position in this case was substantially justified. ECF No. 30. In the alternative, the Commissioner argues that the requested fee is excessive and should be reduced. *Id.*

The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). In determining whether the government's position was substantially justified, the Court "consider[s] the totality of the circumstances." *Hyatt v. Barnhart*, 315 F.3d 239, 244–45 (4th Cir. 2002). To be substantially justified, the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In other words, the government must establish that its position has a reasonable basis in both law and fact. *Id.* If "the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, it was not substantially justified." *Makinson v. Astrue*, 586 F.Supp.2d 491, 495 (D.S.C. 2008); *see Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991) ("The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney fees.").

Plaintiff requests attorney's fees for his attorney, John Duggan. Plaintiff contends that the government's position in this case was not substantially justified because the position taken by the government "violated several well established legal precedents of the Fourth Circuit Court of Appeals." Mem.

Supp. Pl.'s Mot. Att'y's Fees 4, ECF No. 29-1.  First, Plaintiff argues that the ALJ's finding that Plaintiff did not suffer from a "severe" mental impairment was not supported by the evidence of record.  *Id.* at 5.  Second, Plaintiff contends that the government failed to follow the "treating physician" rule.  *Id.* at 5–6.  Finally, Plaintiff argues that the ALJ's conclusion that Plaintiff was not disabled was not supported by substantial evidence of record.  *Id.* at 6.

The Commissioner argues that the government's position was substantially justified because "[the agency's litigating position] was a reasonable response to the arguments Plaintiff put forward in favor of his case."  Def.'s Resp. 2, ECF No. 30.  The Commissioner contends that the Court remanded the case for reasons that were not set forth by the Plaintiff; thus, "the agency cannot be faulted for only responding to the arguments that Plaintiff actually put forward."  *Id.*  The Commissioner also argues that Plaintiff conflates the substantial evidence standard set forth in the Social Security Act with the substantial justification standard.  *Id.* at 1.

The Court agrees with the Commissioner that the substantial evidence standard is not equivalent to the standard used to determine whether the government's position was substantially justified.  However, in order for the Commissioner to prevail on an argument that the government's position was substantially justified, "the government must show that that its position was justified 'as an inclusive whole.' . . . In other words, the substantial justification analysis encompasses not only the government's litigating positions, but also its

positions in administrative hearings as well." *Mortensen v. Astrue*, 428 F. App'x 248, 250–51 (4th Cir. 2011) (quoting *INS v. Jean*, 496 U.S. 154, 159, 161–62 (1990)).

Here, the Magistrate Judge recommended that the decision of the ALJ be reversed and that the case be remanded for further administrative action. ECF No. 23. The Court adopted the Magistrate Judge's Report and Recommendation ("Report") in its entirety. ECF No. 27. The Magistrate Judge concluded that the ALJ's determination that Plaintiff did not suffer from a severe mental impairment, or impairments, was not supported by substantial evidence. Report 11, ECF No. 23. The Magistrate Judge further concluded that the ALJ's evaluation of the opinion evidence was not supported by substantial evidence, because it appears that the ALJ did not consider Dr. Loudermilk's, Plaintiff's treating physician's, February 2011 opinion, and there was "no discussion as to the weight given this opinion." Report 16, ECF No. 23. The Magistrate Judge found that the ALJ's failure to consider this opinion may have in turn affected the ALJ's evaluation of the opinion of Plaintiff's psychiatrist, Dr. Desai. *Id.*

Under the applicable regulations, when an ALJ decides to give a treating physician's opinion less than controlling weight, he or she "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating [physician's] medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996) (emphasis added).

The Commissioner argues that the government's position was substantially justified because there was "persuasive contradictory evidence that supported not giving great weight to Dr. Loudermilk and Dr. Desai's opinions . . . ." Def.'s Resp. to Mot. 3, ECF No. 30.  It is well-established in the District of South Carolina that "the ALJ, not the Commissioner, must explain why a treating physician's opinion is discounted or rejected."  *Rivers v. Astrue*, C/A No. 4:11-01386-TER, 2012 WL 2590498, at *5 (D.S.C. July 5, 2012); *see Avant v. Astrue*, C/A No. 4:11-822-DCN-TER, 2012 WL 1952657, at *5 (D.S.C. May 9, 2012) (finding that the ALJ "did not comply with the proper analysis under SSR 96-2p by explaining what weight he was giving [the treating physician's] opinions and specifying what contradictory evidence on which he was relying."); *Hilton v. Astrue*, C/A No. 6:10-2012-CMC, 2011 WL 5869704, at *3 (D.S.C. Nov. 21, 2011) (finding that the ALJ's "conclusory reason" that the treating physician's opinion "is against the weight of the record as a whole" was insufficient).  Here, the ALJ did not clearly state the reasons for discounting Dr. Loudermilk's February 2011 opinion, nor did the ALJ even mention the 2011 opinion, and as such, the Court cannot find that the ALJ complied with SSR 96-2p.

For these reasons, the Court finds that the government has not met its burden of showing that its position was substantially justified, and no special circumstances exist that would make an award of attorney's fees to Plaintiff unjust.  Upon review of Plaintiff's motion and memorandum in support of

thereof, the Court finds that the amount of $2,395.80, representing 13.20 hours of attorney's work at the hourly rate of $181.50, is reasonable. In paying an EAJA award, the award must be made payable directly to Plaintiff and not Plaintiff's attorney. *See Astrue v. Ratliff*, 505 U.S. ___, No. 08-1322, slip op. at 1 (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for attorney's fees pursuant to the EAJA in the amount of $2,395.80 is hereby GRANTED. Defendant is directed to make this amount payable to Plaintiff.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

August 13, 2013
Anderson, South Carolina